## Hager v. Norristown Magnesia Asbestos Co. et al.

*Workmen's Compensation Law—Appeal from action of board—Notice—Act of June 26, 1919.*

An appeal from the decision of the Workmen's Compensation Board will be stricken off where no proof of the service of notice of the appeal on the adverse party appears by the record. The notice required by the act must not only be given, but that fact must be disclosed by the record; the record should be self-sustaining.

Act of June 26, 1919, § 427, P. L. 642, considered.

Appeal from decision of the Workmen's Compensation Board. C. P. Bucks Co.

*John L. Dubois*, for plaintiff.

*Louis Wagner* and *O. O. Bean*, for defendants.

RYAN, P. J., Aug. 6, 1923.—The claimant prays that the appeal from the decision of the Workmen's Compensation Board, in the matter of the above claim, be stricken off because no proof of the service of the notice of the appeal to the adverse party appears by the record. It is admitted that such notice was given under the provisions of the act. Where the notice has not been given, appeals have been stricken off upon that ground. The right of appeal from the order or decree of the Workmen's Compensation Board is purely statutory, and the requirements incidental thereto mandatory: De Marko v. Hiller & Braun, 3 Wash. 128; Skokan v. Em Lou Coal Co., 1 D. & C. 456; Geary v. Standard Refactories Co., 2 D. & C. 355. Being essential to sustain the jurisdiction of the Court of Common Pleas, the proof of service should appear by the record, which should be self-sustaining. This is the view expressed by the court in De Marko v. Hiller & Braun, 3 Wash. 128.

And now, to wit, Aug. 6, 1923, the rule is made absolute and the appeal stricken off.

From Calvin S. Boyer, Doylestown, Pa.